REILLY, P.J.[1]
¶ 1 Jesse J. Kain appeals from a judgment convicting him of operating with a prohibited alcohol concentration (PAC), third offense, under WIS. STAT. § 346.63(1)(b). Kain argues that the officer did not have probable cause to arrest him. We affirm.
¶ 2 On August 21, 2017, Officer Zach Mulroy of the Neenah Police Department was on patrol when he ran the license plate of Kain's vehicle, which showed an active warrant for Kain. Mulroy also learned that Kain had a revoked license.[2] Mulroy conducted a traffic stop and noted an "odor of alcohol" emitting from the vehicle. Mulroy asked Kain whether he had been drinking; to which Kain replied, "[N]o." After backup arrived, Mulroy asked Kain to exit the vehicle and he took Kain into custody due to the active warrant. Mulroy again noticed the odor of intoxicants coming from Kain and inquired once more about drinking, which Kain first denied, but then admitted to.
¶ 3 Mulroy learned that Kain was subject to a .02 blood alcohol concentration (BAC) restriction and asked him to submit to a preliminary breath test (PBT). Kain refused, saying that he had an ignition interlock device installed on his vehicle.[3] Mulroy transported Kain to the police station and obtained a search warrant for Kain's blood, which ultimately revealed a .062 BAC. Kain was charged with operating with a PAC, third offense.
¶ 4 Kain's motion to suppress based on a lack of probable cause was denied, and a jury later found Kain guilty. Kain challenges the denial of his motion to suppress.
¶ 5 On a motion to suppress evidence, we will uphold the circuit court's findings of fact unless the findings are clearly erroneous, but we independently apply constitutional principles to those facts. State v. Stout , 2002 WI App 41, ¶ 9, 250 Wis. 2d 768, 641 N.W.2d 474. This case involves the operation of WIS. STAT. § 343.303, which states that an officer "may request" a PBT breath sample "[i]f a law enforcement officer has probable cause to believe that the person is violating or has violated [ WIS. STAT. §] 346.63." The question before this court is whether Mulroy had probable cause to believe that Kain was violating § 346.63.
¶ 6 This case is controlled by State v. Goss , 2011 WI 104, 338 Wis. 2d 72, 806 N.W.2d 918. Goss was stopped by police due to an obstructed license plate violation, and during the course of the stop, the officer smelled an odor of alcohol and also learned that Goss was subject to a .02 BAC restriction. Id. , ¶ 3. On appeal, our supreme court determined that the odor of alcohol combined with the knowledge that a driver is subject to a .02 BAC limit creates probable cause to administer a PBT. Id. , ¶ 26.
¶ 7 Kain acknowledges Goss but asks us to distinguish Goss based on the fact that his vehicle was equipped with an ignition interlock device: "[T]he fact that Mr. Kain was using the functioning ignition interlock device diminishes the officer's conclusion that Mr. Kain was probably over .02. Had Mr. Kain had any alcohol in his system, his vehicle would not have started." Kain is asking us to create a bright line rule that when an ignition interlock device is in a suspect's vehicle, it negates a finding of probable cause when an officer detects an odor of alcohol and has knowledge of a .02 BAC restriction. We will not do so.
¶ 8 The obvious purpose of the ignition interlock device is to make vehicles inaccessible to drunk drivers. The ignition interlock device is a factor to consider in determining probable cause-it is not a negating factor. In this case, the knowledge of Kain's prior OWI convictions, see State v. Lange , 2009 WI 49, ¶ 33, 317 Wis. 2d 383, 766 N.W.2d 551, coupled with the odor of alcohol, Kain's admission to drinking, and the officer's knowledge that Kain "could drink only a very small amount before exceeding the legal limit that applied to him," Goss , 338 Wis. 2d 72, ¶ 26, led to the officer's reasonable conclusion that a statutory violation was probable. Further, Kain was not originally arrested for the PAC violation; he was arrested for the active warrant. Mulroy obtained the search warrant for Kain's blood after he had been taken into custody, meaning he received a judicial seal of approval based on the search warrant approved by the on-duty judge. The circuit court properly denied Kain's motion to suppress.
By the Court. -Judgment affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)4.

This appeal is decided by one judge pursuant to Wis. Stat. § 752.31(2)(f) (2015-16). All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted.

Mulroy later learned that Kain had a valid occupational license.

Mulroy did not check Kain's vehicle to confirm the presence of the ignition interlock device, and the record is unclear as to whether Kain did in fact have the device installed in his vehicle.